**Affirmed and Memorandum Plurality and Dissenting Opinions filed September 29, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00639-CV

---

**SEAN MORRIS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF DOUGLAS MORRIS, DECEASED, Appellant**

**V.**

**PEARSON DENTAL SUPPLIES, INC.; ZAHN DENTAL SUPPLY, A DIVISION OF HENRY SCHEIN, INC.; PEARSON DENTAL SUPPLIES, INC.; ZAHN DENTAL SUPPLY, A DIVISION OF HENRY SCHEIN, INC.; HENRY SCHEIN, INC.; DFW DENTAL SUPPLIES, INC.; 3MCOMPANY; CROSSTEX INTERNATIONAL, INC., A WHOLLY OWNED SUBSIDIARY OF CANTEL MEDICAL CORP; HENDON DENTAL SUPPLY, INC.; ALPHA PRO TECH, INC.; NATIONAL DENTEX CORPORATION, SUCCESSOR-IN INTEREST BY MERGER, PURCHASE OR ACQUISITION F/K/A STERN REED DENTAL LAB; AND GDC HOLDINGS, INC., SUCCESSOR-IN-INTEREST BY MERGER, PURCHASE OR ACQUISITION OF NATIONAL DENTEX CORPORATION, Appellees**

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2019-51437**

---

## MEMORANDUM DISSENTING OPINION

The trial court's attempted August 24, 2020 final judgment used a version of the discredited Mother Hubbard clause ("ORDERED that all relief not herein granted or that was not previously granted by the Court in this case is denied") and ordered the clerk "to close the file in this case." While it appears the trial court wanted to render a final judgment, this order does not comply with *Lehmann v. Har-Con Corp.*, either by actually disposing of all parties and claims or stating unambiguously that the judgment is final ("This judgment finally disposes of all parties and all claims and is appealable"). 39 S.W.3d 191, 206 (Tex. 2001). I would notify the parties of an involuntary dismissal for want of jurisdiction because it appears there is no final judgment, allowing the parties to respond. *See* Tex. R. App. P. 42.3(a).

I respectfully dissent.


/s/    Charles A. Spain
        Justice


Panel consists of Justices Wise, Spain, and Hassan (Wise, J., plurality).